**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 17-00010-RM

MELLISA UMPHENOUR, *on her own behalf and on behalf of LH, her minor child*,

　　Plaintiff,

v.

IVT WALNUT CREEK WESTMINSTER LLC,

　　Defendant.

_____

**ORDER**
_____

This matter is before the Court *sua sponte*.  This case was initiated on January 2, 2017 with plaintiff Mellisa Umphenour, on her own behalf and on behalf of her minor child LH, ("plaintiff") filing a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) ("the motion for IFP").  A U.S. Magistrate Judge granted the motion for IFP on January 9, 2017 (ECF No. 4), and, a day later, this case was drawn to the instant Judge (ECF No. 5).

After reviewing the Complaint and the motion for IFP, this Court, on January 11, 2017 vacated the January 9, 2017 Order (ECF No. 4) granting the motion for IFP, and denied the motion for IFP (ECF No. 2) without prejudice.  (ECF No. 9.)  The Court observed that the motion for IFP showed, for the past 12 months, plaintiff's monthly income had averaged $4,000.  (ECF No. 2 at 1.)  In addition, although plaintiff provided no explanation for the drop from $4,000, in the next month she expected income of $3,333.  (*Id.*)  In addition, plaintiff's monthly expenses were listed as

totaling $3,124. (*Id*. at 5.)  Thus, using the average monthly income for the past 12 months, i.e.,

plaintiff's monthly income at the time that this case was initiated, there was an $876 difference

(4,000 minus 3,124) between her income and expenses, in favor of her income.  And, if plaintiff's

estimated figure for her next month of income was used, there was still a $209 difference

(3,333 minus 3,124), in favor of income.

In light of the Court's concerns about plaintiff's alleged IFP status, plaintiff was given an

opportunity to provide further clarity.  (*See* ECF No. 9 at 3.)  Although plaintiff has filed a response,

plaintiff has failed in that regard.  In fact, plaintiff's response makes matters even more confusing.

In summary, plaintiff states that, although she was previously employed at two part-time jobs, she

has "recently secured a single position providing full-time employment, albeit at a reduced rate of

overall pay." (ECF No. 11 at 3.)  Plaintiff's assertions in this regard are notable because she states

that she "[c]orrectly [s]tated her [c]urrent [i]ncome" (*see id*.), which, obviously leaves unspoken her

income for the *past* 12 months.

Moreover, upon further review of the motion for IFP, the Court notes that plaintiff was

employed from May 2012 to March 2015 at "PCM." (ECF No. 2 at 2.)  Plaintiff stated that she

began working for "Right At Home" in March 2015, and did not state that, that employment had

ended. (*Id*.)  Plaintiff further stated that she earned gross monthly pay of $2,500 from her work with

"Right At Home." (*Id*.)  This is notable because plaintiff states that, for the past 12 months, she has

earned average monthly income of $4,000, all of which has come from employment. (*Id*. at 1-2.)

There is no other indication in the motion for IFP of where plaintiff earned the additional $1,500.

As such, these questions are unexplained in the motion for IFP.  They are also not clarified in

plaintiff's response.  Specifically, questions about where did the additional $1,500 come from, and was there even more than just $1,500?

In any event, as the Court observed in its earlier Order, at the time this case was initiated, plaintiff had earned monthly income of $4,000 a month for 12 months.  In her response, plaintiff asserts that her monthly income does not reflect subtractions for federal income tax, social security, and Medicare.  (ECF No.11 at 3-4.)  Plaintiff asserts that her mandatory payroll deductions will be in the region of $566.61 per pay period, leaving her with a monthly loss (after factoring in her monthly expenses) of approximately $357 per month.  (*Id*.)  Consideration of mandatory payroll deductions, however, was not a factor for the Tenth Circuit Court of Appeals in *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (concluding that the appellant was not entitled to proceed IFP because, although there was no evidence that the appellant was acting in bad faith or attempting to abuse the system, it appeared that he had sufficient income to pay the filing fees at the time that the appeal was brought, as his monthly income exceeded his monthly expenses "by a few hundred dollars.")  (citations omitted).

In addition, plaintiff's calculations are performed from this date going forward, not from the date this case was initiated.  As the Court observed in its prior Order, from the latter perspective, plaintiff has incurred a monthly net income of $876 for the past 12 months.  Even using plaintiff's mandatory payroll deductions ($566.61), this would still leave a net monthly income of over $300.  And, there has been no explanation for where this net income has disappeared, which is particularly worrying given that plaintiff asserts that she has only $100 in her checking account.  (*See* ECF No. 2 at 2.)  Moreover, the Court's noted concern about from where the additional $1,500 in plaintiff's

monthly income came over the past 12 months leaves open the fact that this income may not have

come from employment, and thus, may not have been subject to mandatory payroll deductions.

As the Court reiterated in its prior Order, based upon the information provided in the motion

for IFP and the response, this case does not involve requiring a destitute plaintiff to pay a filing fee

that she cannot afford.   Instead, plaintiff's monthly income (both explained and unexplained)

sufficiently shows that she is able to pay the filing fee in this case.  In her response, plaintiff argues

that this case is brought on behalf of her minor child who possesses no assets or income.  (ECF

No. 11 at 4.)  Plaintiff, though, is the party seeking IFP status, and thus, the Court must assess

*plaintiff's* ability to pay the filing fee.  *See* 28 U.S.C. §1915(a)(1).  The fact that plaintiff's minor

child has no assets or income has, presumably, been taken into account in plaintiff's calculation of

her monthly expenses.  (*See* ECF No. 2 at 4.)

Plaintiff also argues that, if this Court decides to require payment of fees, only a portion of

those fees should be required. (ECF No. 11 at 4-5.)  First, plaintiff cites only out-of-Circuit authority

for this proposition; and authority that concerned prisoners and pre-dated the Prison Litigation

Reform Act.  *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  In any event, even if this

Court was willing to consider allowing plaintiff to proceed with only payment of a portion of the

filing fees, the Court would not do so in this case for all of the reasons discussed *supra* with respect

to the far too many unanswered questions arising from the motion for IFP and plaintiff's reported

income for the past 12 months.

Based upon the Court's review of 28 U.S.C. § 1915(e) and Tenth Circuit precedents,

following a finding that a plaintiff is not indigent, *dismissal* of the case is mandatory.  *See* 28 U.S.C.

§ 1915(e)(2) (providing that a court "shall dismiss the case at any time if the court determines that

… the allegation of poverty is untrue"); *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).  Thus, the proper course to take is to dismiss the case *without prejudice*, with plaintiff then having the opportunity to initiate a new action by refiling the complaint under a new case number and paying the filing fee required under 28 U.S.C. § 1914.  *See Lemons v. K.C. Mo. Police*, 158 F. App'x 159, 160 (10th Cir. 2005).

As a result, the Court DISMISSES WITHOUT PREJUDICE the Complaint (ECF No. 1), pursuant to 28 U.S.C. § 1915(e)(2)(A).  The Clerk is instructed to administratively close this case.

**SO ORDERED.**

DATED this 16th day of February, 2017.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

5